MANUEL MENDÍA-MORALES, Plaintiff and Appellant, *v.* JUAN B. ARZUAGA ET AL., Defendants and Appellees.

No. 4141.   Argued November 8, 1926.—Decided June 9, 1927.

*O. B. Frazer, R. Castro Fernández* and *Tomás Bernardini* for the appellant.   *J. Texidor* and *De la Torre & Ramírez* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Manuel Mendía Morales, one of the managing partners of Sobrinos de Ezquiaga, Ltd., brought an action against all of the other members of the firm, against some of them as incorporators of Sobrinos de Ezquiaga, Inc., and against Enrique Adsuar, and prayed the court, among other things, to issue a writ of injunction *pendente lite* against Sobrinos

de Ezquiaga, Inc., and Enrique Adsuar, and to appoint one or more receivers to take charge of the business of the firm of Sobrinos de Ezquiaga, Ltd., and continue it as a going concern until the liquidation and distribution of its capital under the direction of the court.

By an order of August 2, 1926, the court denied the writs of injunction prayed for and granted the motion for the appointment of receivers as liquidators only, for the sole purpose of managing the common capital and collecting the credits of the firm, to extinguish the obligations already contracted as they became due, and to carry out the pending transactions until the final liquidation and division of the social capital in accordance with the provisions of the Code of Commerce.

By another order of August 7, 1926, the court appointed two liquidators, Enrique Adsuar being one of them.

The plaintiff took the present appeal from the order of August 2, 1926, in so far as it denied· the writ of injunction and gave only limited powers to the liquidators to be appointed, and from the order of August 7, 1926, appointing Enrique Adsuar as liquidator.

Prior to the filing by the appellant of his brief in support of the appeal the appellees, on the 26th of August, 1926, moved this court to dismiss the appeal because two appeals had been improperly and unnecessarily joined and because the order of August 7, 1926, referring to the appointment of a receiver and to the limitation of his powers as such, as well as the order of August 2nd in so far as it grants limited powers to the receivers, were arbitrary appeals, because the orders were not appealable. This motion was disposed of on the 15th of the following November by dismissing the appeal from the order of September 7, 1926 (it should be August 7, 1926) and· overruling it in regard to the order of August 2, 1926, in which case we allowed the appeal to proceed.

Later the appellant filed his brief in this court and con-

tended that the trial court erred in ruling the impropriety of the appointment of a receiver in the manner sought by the plaintiff in order to continue the business of Sobrinos de Ezquiaga, Ltd., as a going concern, and the decision to appoint liquidators for the final liquidation of the firm and in refusing to issue injunctions against Enrique Adsuar and against Sobrinos de Ezquiaga, Inc.

In view of that brief the appellees moved for dismissal of the appeal because it was argued in the first place that the court had erred in declaring that the appointment of a receiver in the manner sought by the plaintiff was not proper, that is to say, in refusing the appointment of a receiver, which is not appealable; and because the brief included matter which had not been appealed from, as that the court had erred in declaring and placing the firm of Sobrinos de Ezquiaga, Ltd., under liquidation, and because in the second assignment of error the appellant persisted in referring to the appointment of Enrique Adsuar, in violation of the law and the jurisprudence.

As the appeal of the plaintiff from the order of August 2, 1926, can not be dismissed because it refused the injunctions sought by him against Enrique Adsuar and Sobrinos de Ezquiaga, Inc., and such refusals are appealable under section 295 of the Code of Civil Procedure, we shall overrule the motion of the appellees, even though the appellant raises questions which perhaps should not be decided on appeal, as we prefer to leave the question of whether the appeal is from the order appointing the receivers, or whether this is not the case in point, as alleged by the appellant, but something more fundamental like the decree ordering the liquidation of the firm of Sobrinos de Ezquiaga, Ltd., since in the final judgment we shall be better able to take such questions under advisement than in a motion to dismiss.